**UNIFORM RULES AND REGULATIONS, Adoption of, In re. CARNEY, Aud., Appellant-Appellee, v. BOARD OF TAX APPEALS, DEPARTMENT OF TAXATION, Appellee-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5947.   Decided November 12, 1958.

John T. Corrigan, Pros. Atty., George W. Leddon, Asst. Pros. Atty., Cleveland, for appellant-appellee.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellee-appellant.

## OPINION

By MILLER, J.

This is a law appeal by the Board of Tax Appeals from the judgment of the Common Pleas Court, holding Rules 100, 101, 104-D-24, 105 and 106 of the Board of Tax Appeals unlawful, invalid and unreasonable. These rules were promulgated by the said Board pursuant to the Administrative Procedure Act under a grant of administrative authority provided in §§5703.02 and 5715.01 R. C.

The appellant-appellee, John J. Carney, as auditor, citizen and taxpayer of Cuyahoga County, appealed from the adoption of these Rules

to the Common Pleas Court of Franklin County under the provisions of §119.11 R. C., and the appeal to this court is prosecuted under the same section. It has been conceded by all counsel that the said Rules were promulgated in accordance with the procedural requirements; hence, it would serve no useful purpose to recite the facts attendant upon their adoption. Therefore, the question presented is, whether or not the Common Pleas Court erred in holding that said Rules are unreasonable and unlawful.

It is well established in Ohio that the Legislature, while not empowered to delegate legislative powers, may properly delegate to administrative agencies quasi legislative power where it has laid down the policy to be followed and established the standards or rules by which the administrative agency is to be governed and restricted in adopting rules and determining facts to which the expressed policy is to apply.

In the case of Matz v. Curtis Cartage Company, 132 Oh St 271, the court held that "the General Assembly cannot delegate legislative power to an administrative board and any enactment which in terms does so is unconstitutional and void; but laws may be passed which confer on such a board administrative powers only."

It is urged that the said Rules are unlawful for the reason that §§5703.02, Paragraph K, 5713.01, 5713.03 and 5715.01 R. C., as amended by Senate Bill 109, enacted by the 102nd General Assembly of the State of Ohio, are unconstitutional in that they constitute an unlawful delegation of legislative power upon an administrative board and are not in conformity with Section 2, Article XII, Ohio Constitution.

Sec. 5703.02 R. C., provides in part as follows:

"The board of tax appeals shall exercise the following powers and perform the following duties of the department of taxation; * * * (C) Exercise the authority provided by law relative to determining whether the real property, and the various classes thereof, in the counties, municipal corporations, and taxing districts have been assessed by uniform rule and according to taxable value, and relative to increasing or decreasing the aggregate value of real property in the counties, municipal corporations, and taxing districts; * * * (K) subject to provisions of §§119.01 to 119.13, inclusive, R. C., exercise the authority provided by law relative to the adoption and promulgation of uniform rules and methods for the assessment of real property according to taxable value, in accordance with the provisions of Section 2, Article XII, Ohio Constitution.

Section 2, Article XII, Ohio Constitution, provides that:

"No property taxed according to value shall be so taxed in excess of one percent of its true value in money * * *."

Counsel for the Board admits that §5703.02 R. C., sets no standards for its guidance in fixing the taxable value, but urges that §5715.01 R. C., does this as specific as the nature of the function permits. This section contains the following language:

"* * * The board shall adopt, prescribe, and promulgate rules for the assessment of real property by **uniform rule according to value.** * * * Such rules shall provide that such taxable value be determined **on the basis of all facts and circumstances which the board finds necessary in**

**order to achieve uniformity and avoid overvaluation and discrimination.** * * *." (Emphasis added.)

It is to be noted that by the terms of this statute the legislative policy is set forth, to wit, that taxable value shall be such as will "achieve uniformity and avoid overvaluation and discrimination" and "be determined on the basis of all facts and circumstances." Therefore, the Board is only authorized to consider facts and circumstances which are found to be necessary to carry out the expressed policy of the Legislature.

There is nothing in the record which tends to show that the Board, in adopting the Rules, did not consider the "facts and circumstances" which would be relevant. It must, therefore, be presumed that the Board took cognizance of the same and adopted them in accordance with the fixed legislative standard.

It is our opinion that nothing could be more reasonable in the field of taxation than to establish a policy of uniform assessments of real property, for the burden of disproportionate taxation is intolerable. The language employed by the Legislature to express its policy of uniformity appears to be well expressed and intelligible.

Counsel for the Board urges that it is a matter of common knowledge that county auditors throughout the state have employed widely different methods of valuation and, as a result, a lack of uniformity existed in the taxing districts throughout the state. It is for this reason that the attempt is being made to place in the Board of Tax Appeals the authority to fix the tax values of assessed property in the various counties. The need for such uniform rules and methods of assessment appears to be in the interest of the public welfare.

In **Weber v. Board of Health, 148 Oh St 389,** the court held that rule-making bodies must be allowed a wide discretion where it is impossible to lay down standards, saying at page 396:

"* * * it is recognized that there are many occasions where the nature of the problem makes it impossible to lay down standards, and as a result rule-making bodies must be allowed a wide discretion without anything as their guide except the general policy of the law-making body and the law that such bodies must not legislate or make rules which are unreasonable, discriminatory or contrary to constitutional rights."

Similarly in the seventh paragraph of the syllabus, in **Matz v. Curtis Cartage Company, 132 Oh St 271,** the court held:

"7. As a general rule a law which confers discretion on an executive officer or board without establishing any standards for guidance is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety or general welfare, and it is impossible or impracticable to provide such standards, and to do so would defeat the legislative object sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations."

Taxation is an extremely complicated subject which the Legislature may wisely leave to the Tax Board, which is especially qualified and sits in continuous session. Thus for many years, the leading writers and the

highest courts of other states have advocated allowing the same latitude of action to boards of equalization that Ohio has seen fit to delegate to its local boards of health and Public Utilities Commission. Typical of these expressions is that of Cooley, one of our greatest tax jurists, who stated in his Law of Taxation (4th Ed., 1924), Volume III, Section 1196, at 2395:

"* * * Generally the most important function of state tax commissions is to preserve uniformity in assessments throughout the state, sitting annually for that purpose as the board of equalization, but a state board of tax commissioners cannot usurp the functions of the legislature. Where a statute empowers a state board to equalize valuations for taxation, BUT DOES NOT POINT OUT THE MODE, ANY REASONABLE AND EFFICIENT MODE MAY BE ADOPTED.* * *" (Emphasis added.)

While the precise constitutional question presented here has never been squarely before our Supreme Court, the constitutionality of the statutes which were amended by Senate Bill 109 were at one time under attack on similar grounds and the Supreme Court in its fourth branch of the syllabus, in **Rollman and Sons Company v. Board, 163 Oh St 363,** held:

"4. Where the 'equalization program' authorized by statute, as administered by the Board of Tax Appeals, deals with the valuation of the real property of each county, in the aggregate, and does not relate to the valuation of any individual parcel of property, and where the Board of Tax Appeals, acting under the authority of §5613 GC (§5715.24 R. C.), providing that such board has the power to 'increase or decrease the aggregate value of the real property * * * in any such county,' in order to equalize real property valuations among all the counties within the state of Ohio, adopts a reasonable and efficient mode of valuation and applies it uniformly to each county, the board acts within its statutory powers and its actions are not unreasonable or unlawful."

And, at page 370 of the cited case, supra, Judge Matthias said:

"Real estate values fluctuate and it would be literally impossible for a tax body to determine the exact valuation of each parcel within a taxing district on assessment day. In determining a valuation for equalization purposes it is almost imperative that the tax body develop some formula to apply to the valuation of property, and, where no mode or method and no yardstick are set up in the equalization statutes, any efficient mode or method may be adopted. 3 Cooley on Taxation, 2395, Section 1196."

The pertinent issue here appears to be a transfer of authority from county auditors to the Board of Tax Appeals. Prior to this amendment, county auditors have been determining taxable values under statutory authority without a challenge of unconstitutional delegation of legislative power. Now the Legislature has decided to transfer this duty to the Board of Tax Appeals as a matter of policy and has enjoined the Board to carry out this task by promulgating uniform rules in order to achieve uniformity and avoid overvaluation and discrimination in determining taxable value. The policy appears to be clear and definite with more standards for establishing uniformity than there were when the several auditors made the determination.

We concede that the standards are broad and that discretion is granted to the Board of Tax Appeals within the limits of uniformity, avoidance of overvaluation, and prevention of discrimination in the initial assessment of real estate. The discretion is not strictly confined but is canalized within banks that keep it from overflowing.

It should also be noted that every presumption of validity attends the acts of the Legislature and that they are not to be stricken down unless clearly shown to be unauthorized or in violation of some express constitutional provision. Such a showing does not appear to us to have been established, and it is therefore our opinion there has been no delegation of legislative powers.

Although not quoted because of their length, we have examined the said rules and come to the conclusion that they are reasonable and in accordance with the expressed legislative policy.

The judgment will be reversed and the order of the Board promulgating said Rules is ordered affirmed.

PETREE, PJ, BRYANT, J, concur.